1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

10

EASTERN DISTRICT OF CALIFORNIA

11 | THERESA BROOKE,

Case No.  1:20-cv-00102-SAB

12 |    Plaintiff,

ORDER GRANTING PLAINTIFF'S
MOTION TO FILE FIRST AMENDED
COMPLAINT AND VACATING JULY 8,
2020 HEARING

13 |    v.

14 | RIVER PARK HOSPITALITY, INC.,

(ECF Nos. 14, 15)

15 |    Defendant.

THREE DAY DEADLINE

16

17    Theresa Brooke ("Plaintiff") filed this civil rights action pursuant to 42 U.S.C. § 1983.

18 Currently before the Court is Plaintiff's unopposed motion for leave to file an amended

19 complaint.  The Court, having reviewed the record, finds this matter suitable for decision without

20 oral argument.  See Local Rule 230(g).  Accordingly, the previously scheduled hearing set on

21 July 8, 2020 will be vacated and the parties will not be required to appear at that time.  Having

22 considered the moving papers, Defendant's statement of non-opposition, as well as the Court's

23 file, the Court issues the following order granting Plaintiff's motion for leave to amend.

24                                   **I.**

25                              **BACKGROUND**

26    On January 20, 2020, Plaintiff filed this action bringing claims under the Americans with

27 Disabilities Act and the California Unruh Civil Rights Act.  (ECF No. 1.)  On April 30, 2020, a

28 scheduling order issued setting the pretrial and trial dates in this action.  (ECF No. 13.)  Pursuant

1   to the scheduling order, any motion or stipulation for leave to amend the complaint was to be

2   filed by May 15, 2020.  (Id. at 2.)[1]  On June 9, 2020, Plaintiff filed a motion for leave to file a

3   first amended complaint.  (Pl.'s Mot. Amend ("Mot"), ECF No. 14.)  On June 22, 2020,

4   Defendant filed a statement of non-opposition notifying the Court that Defendant does not

5   oppose Plaintiff's motion for leave to file a first amended complaint.  (ECF No. 15.)

6                                                                **II.**

7                                                      **LEGAL STANDARD**

8          Once a district court has entered a pretrial scheduling order pursuant to Federal Rule of

9   Civil Procedure 16 setting a deadline for amending pleadings, the district court is to first apply

10  Rule 16's standard for amending the scheduling order if the deadline to amend has passed.

11  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992); United States ex

12  rel. Terry v. Wasatch Advantage Grp., LLC, 327 F.R.D. 395, 403 (E.D. Cal. 2018).  If the party

13  seeking amendment can satisfy the good cause standard of Rule 16(b), the district court then

14  must determine whether the moving party has satisfied the requirements of Rule 15(a).  Wasatch,

15  327 F.R.D. at 403-04.

16         **A.      The Rule 16(b) Good Cause Standard**

17         Federal Rule of Civil Procedure 16(b) provides that the district court must issue a

18  scheduling order that limits "the time to join other parties, amend the pleadings, complete

19  discovery, and file motions."  Fed. R. Civ. P. 16(b)(1)–(3).  A scheduling order "may be

20  modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The

21  "good cause" standard "primarily considers the diligence of the party seeking the amendment."

22  Mammoth Recreations, 975 F.2d at 609.  To establish good cause, the party seeking the

23  modification of a scheduling order must generally show that even with the exercise of due

24  diligence, they cannot meet the requirement of that order.  Id.  The prejudice to other parties, if

25  any, may be considered, but the focus is on the moving party's reason for seeking the

26  modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence,

27

28  [1]  All references herein to pagination of electronically filed documents pertain to those as indicated on the upper
    right corners via the CM/ECF electronic court docketing system.

                                                                2

1  the inquiry should end and the court should not grant the motion to modify. Zivkovic v.

2  Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Mammoth

3  Recreations, 975 F.2d at 609). "Relevant inquiries [into diligence] include: whether the movant

4  was diligent in helping the court to create a workable Rule 16 order; whether matters that were

5  not, and could not have been, foreseeable at the time of the scheduling conference caused the

6  need for amendment; and whether the movant was diligent in seeking amendment once the need

7  to amend became apparent." Wasatch, 327 F.R.D. at 404 (internal quotation marks and citation

8  omitted) (alteration in original).

9         **B.        The Rule 15 Standard for Amending Pleadings**

10        If Plaintiff can meet the good cause standard to modify the scheduling order under Rule

11  16, Plaintiff must then satisfy the standards under Federal Rule of Civil Procedure 15(a).

12  Wasatch, 327 F.R.D. at 403-04.  Twenty-one days after a responsive pleading or a motion to

13  dismiss is filed, a party may amend only by leave of the court or by written consent of the

14  adverse party. Fed. R. Civ. P. 15(a)(1)-(2).  "Rule 15(a) is very liberal and leave to amend 'shall

15  be freely given when justice so requires.' " Amerisource Bergen Corp. v. Dialysis West, Inc.,

16  465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)); see also Eminence Capital,

17  LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (noting leave should be granted with

18  "extreme liberality") (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th

19  Cir.2001)).  Leave to amend under Rule 15 is "within the sound discretion of the trial court," and

20  "[i]n exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to

21  facilitate decision on the merits, rather than on the pleadings or technicalities." United States v.

22  Webb, 655 F.2d 977, 979 (9th Cir. 1981).

23        In determining whether to grant leave to amend, a court is to consider five factors: "(1)

24  bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5)

25  whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805,

26  808 (9th Cir. 2004).  The factors are not weighed equally.  "Futility of amendment can, by itself,

27  justify the denial of a motion for leave to amend." Bonin, 59 F.3d at 845.  Undue delay, "by

28  itself . . . is insufficient to justify denying a motion to amend." Owens, 244 F.3d at 712

1   (quotation marks omitted) (quoting <u>Bowles v. Reade</u>, 198 F.3d 752, 757-58 (9th Cir. 1999)).

2   "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."

3   <u>Eminence Capital</u>, 316 F.3d at 1052.   "Absent prejudice, or a strong showing of any of the

4   remaining [ ] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to

5   amend." <u>Id.</u>

6                                                        **III.**

7                                                **DISCUSSION**

8          Because the Court's scheduling order set the deadline to file amended pleadings as May

9   15, 2020 (ECF No. 13 at 2), the Court will first determine whether Plaintiff has demonstrated

10  good cause pursuant to Rule 16.  <u>See Wasatch</u>, 327 F.R.D. at 403.

11         Plaintiff acknowledges that the instant motion was not filed until after the deadline to

12  amend pleadings had expired.  (Mot. 3.)  Plaintiff contends her counsel repeatedly requested a

13  declaration from Defendant in order to affirm the presence or non-presence of a barrier to the

14  dining area in Defendant's hotel.   (<u>Id.</u>)   Defendant apparently refused to provide such

15  confirmation and Plaintiff visited the hotel to investigate, but encountered an additional barrier

16  that prevented her from entering the hotel altogether.   (<u>Id.</u>)   Plaintiff seeks to add a cause of

17  action regarding this barrier.  (<u>Id.</u>)  Despite the deadline passing, Plaintiff argues good cause

18  exists to modify the scheduling order as the deadline only recently passed, discovery has not

19  commenced, the Ninth Circuit disfavors piecemeal litigation against the same non-compliant

20  party, and Plaintiff has demonstrated diligence in meeting the deadline through the repeated

21  requests for Defendant's cooperation and in seeking amendment shortly after encountering the

22  second barrier at the hotel.  (<u>Id.</u>)  Defendant has notified the Court that it does oppose Plaintiff's

23  motion to amend, and the Court cannot discern any compelling reason to deny leave to amend

24  the complaint beyond the deadline set in the scheduling order.   Accordingly, Plaintiff has

25  demonstrated good cause to modify the scheduling order.

26         The Court next turns to the question of whether leave to amend should be granted under

27  Federal Rule of Civil Procedure 15(a).  <u>Wasatch</u>, 327 F.R.D. at 403-04.  "[I]t is the consideration

28  of prejudice to the opposing party that carries the greatest weight."  <u>Eminence Capital</u>, 316 F.3d

1    at 1052.  "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a

2    *presumption* under Rule 15(a) in favor of granting leave to amend."   Id.    The burden to

3    demonstrate prejudice falls upon the party opposing the amendment.   DCD Programs, Ltd. v.

4    Leighton, 833 F.2d 183, 187 (9th Cir. 1987).

5           Given Defendant does not oppose the motion to amend, the Court finds that granting

6    Plaintiff's motion to amend would not prejudice Defendant.   There is no evidence the motion

7    was brought in bad faith nor does it produce undue delay in the litigation.   See Lockheed Martin

8    Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) (explaining that where a

9    motion to amend was made more than four months after the cutoff date, "[a] need to reopen

10   discovery and therefore delay the proceedings supports a district court's finding of prejudice.").

11   Moreover, there is no reason to believe that the proposed amendment is futile.   See SAES Getters

12   S.p.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (illustrating that an

13   amendment is futile "only if it would clearly be subject to dismissal.").

14          Consequently, finding that none of the foregoing factors weigh against granting Plaintiff

15   leave to amend, and Plaintiff's motion is unopposed, the Court finds leave to amend appropriate.

16   See Austin v. W. Concrete Pumping, Inc., No. 17-CV-2363-AJB-MDD, 2018 WL 2684140, at

17   *1 (S.D. Cal. June 5, 2018) (granting plaintiff's motion for leave to file an amended complaint

18   after considering the motion and the defendants' non-opposition); Gonzales v. F/V Daniela, No.

19   11cv01066 AJB (JMA), 2013 WL 444626, at *1 (S.D. Cal. Feb. 4, 2013) (concluding that leave

20   to amend was warranted in light of the defendants' non-opposition to the motion and reasonable

21   explanation for the amendment).

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

**IV.**

**CONCLUSION AND ORDER**

The Court finds that good cause exists to grant Plaintiff's motion for leave to file a first amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1.     Plaintiff's motion for leave to file a first amended complaint is GRANTED;

2.     Plaintiff SHALL FILE a first amended complaint within three (3) days of the date of entry of this order; and

3.     The July 8, 2020 hearing on Plaintiff's motion for leave to file a first amended complaint is VACATED.

IT IS SO ORDERED.

Dated:    **June 26, 2020**

UNITED STATES MAGISTRATE JUDGE