# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA BROOKE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RIVER PARK HOSPITALITY, INC.,<br><br>　　　　Defendant. | Case No.  1:20-cv-00102-SAB<br><br>ORDER GRANTING MOTION FOR CLARIFICATION<br><br>(ECF No. 25) |

Theresa Brooke ("Plaintiff") filed this action pursuant to the Americans With Disabilities Act against River Park Hospitality, Inc. ("Defendant").  (ECF No. 1.)  On August 3, 2020, Plaintiff filed a declaration of counsel.  (ECF No. 20.)  Upon review of the document, the Court found that the declaration was actually a motion to compel and as such a motion for discovery relief was required to be filed and noticed pursuant to Local Rule 251(a).  (ECF No. 22.)  On August 13, 2020, Plaintiff filed a motion for clarification of the August 4, 2020 order disregarding the declaration of counsel.  (ECF No. 25.)

Pursuant to Local Rule 251

> Except as provided in (e), a hearing of a motion pursuant to Fed. R. Civ. P. 26 through 37 and 45, including any motion to exceed discovery limitations or motion for protective order, may be had by the filing and service of a notice of motion and motion scheduling the hearing date on the appropriate calendar at least twenty-one (21) days from the date of filing and service.  No other documents need be filed at this time.  The hearing may be dropped from the calendar without prejudice if the Joint Statement re Discovery Disagreement or an

1

affidavit as set forth below is not filed at least seven (7) days before the scheduled hearing date.  If the notice of motion and motion are filed concurrently with the Joint Statement, the motion shall be placed on the next regularly scheduled calendar for the Magistrate Judge or Judge hearing the motion at least seven (7) days thereafter.

L.R. 251(a).

Here, Plaintiff is challenging Defendant's response to a request for inspection of the property and issue and therefore the motion arise under Rule 37 and a noticed motion is required unless the parties choose to participate in the Court's informal discovery process.  Pursuant to Rule 251, the requirement for a joint statement may be excused where counsel files an affidavit setting forth the efforts counsel made to meet and confer and the failure to the opposing party to cooperate.  L.R. 251(d).  In that instance, Plaintiff may bring a motion for relief on fourteen days notice and no joint statement is required to be filed.  L.R. 251(e).  Therefore, when there has been a failure to meet and confer by the opposing party, Plaintiff needs to file a motion to compel providing at least fourteen days notice, rather than the twenty one days provided by Rule 251(a).

Here, since Plaintiff's motion was not properly noticed nor correctly entered on the docket, the declaration of counsel was disregarded.  The Court encouraged the parties to meet and confer prior to see if the dispute could be resolved prior to a noticed motion being filed. While Plaintiff is correct that the Local Rules allows for a declaration to demonstrate that the opposing party failed to meet and confer, that would excuse the requirement that a joint statement be filed.  Plaintiff is still required to file a noticed motion to have the discovery dispute heard if the parties are not willing to participate in the informal discovery dispute process. Further, in filing such a motion on the docket, counsel needs to select the correct event from the ECF system, which would be motion to compel, not declaration of counsel.

IT IS SO ORDERED.

Dated: __**August 14, 2020**__

UNITED STATES MAGISTRATE JUDGE